J-S53032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JONES | : | |
| | : | |
| Appellant | : | No. 803 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003755-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED: APRIL 12, 2021**

Michael Jones (Jones) appeals *nunc pro tunc* from the judgment of sentence imposed following his jury conviction in the Court of Common Pleas of Philadelphia County (trial court) of attempted murder, aggravated assault, robbery, conspiracy and carrying a firearm without a license.[1]  We affirm.

## I.

### A.

On February 6, 2016, at about 3:30 a.m., after getting off a SEPTA train on Broad Street in Philadelphia, Jones and co-defendants Syheed Wilson (Wilson) and Keirsten Carroll (Carroll) hailed a cab driven by the victim, Alex

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901, 2502, 2702, 3701, 903 and 6106.

Destin (Destin). Jones sat in the front passenger seat of the cab and his co-defendants rode in the back. Jones directed Destin where to drive and then told him not to move as he put a gun to Destin's head. (**See** N.T. Trial, 10/26/16, at 62-63). When Destin continued to drive, Jones shot him. Destin jerked his head to the side and the bullet grazed his forehead. Jones shot Destin again and the bullet struck his right ear. Jones jumped out of the taxi as it was still moving and fled. Wilson then pulled Destin's right arm back and asked him to stop the cab. When Destin refused, Wilson shot him in the bicep. Destin lost control of the vehicle and hit a parked car. He ran from the vehicle and called for help.

Footage of Jones and his co-defendants just prior to the shooting was captured on SEPTA video cameras and released to media outlets. Colin Houston (Houston), the owner of the restaurant where Jones and Wilson worked at the time, contacted police and identified them. Jones and his co-defendants were arrested on February 23, 2016. Following his arrest, Wilson gave a statement to police in which he identified Jones as the shooter.

**B.**

Prior to trial, defense counsel filed a motion seeking to redact all references to Jones contained in a statement that co-defendant Wilson had given to police. The Court ruled that specific references to Jones in the statement be replaced with the phrase "my friend."

At trial, Houston testified that he employed Jones and Wilson at Jack's Firehouse Restaurant and that the two men were friends outside of work. He also testified that Wilson had referred Jones for the job. (**See** N.T. Trial, 10/27/16, at 124-25).

The Commonwealth then called Detective Tim Quinn, who read Wilson's statement to police into the record, over an objection by defense counsel based on the Confrontation Clause violation.[2] Wilson's statement read in relevant part:

> Myself and my friend had clocked out of work about 10:00 to 11:00 p.m. on February 5th. We work at Jack's Firehouse. ... We went to a party up in West Philly. I told my friends to call me when she was done. She work at the one on Fox Street. Myself and my friend had gotten on the subway about 2:00 a.m. to 2:30 a.m.
>
> *   *   *
>
> We [meet] my friend that was at Tasker-Morris station. She just happened to be on the same train, not the same car. My friend and I see her when we get off the subway. The three of us begin to walk together.
>
> My friend flagged down a cab as soon as we got out the subway. We think my friend was going to pay for it. He gets in the front seat. I got in the backseat. I was behind the driver she was behind my friend.

---

[2] The Sixth Amendment to the United States Constitution provides a criminal defendant with the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI. The Confrontation Clause protects a criminal defendant's right to confront witnesses bearing testimony against him. **See Crawford v. Washington**, 541 U.S. 36, 51 (2004). The Pennsylvania Constitution provides the same protection as the United States Constitution under the Confrontation Clause. **See** Pa. Const. Article I, § 9.

My friend- my friend in the front told the driver to go to 28th and Tasker. I was talking to my friend in the back. We get to the corner of 27th and Morris Street. My friend out of nowhere [pulls a gun out].

My friend in the front seat takes his right hand and looking forward points the gun at the cabdriver and said "give that shit up." The cabdriver, waving his hands as he was driving trying to get the gun. A shot went off towards the cabdriver's arm. Only one shot went off.

Myself and my friend were in the backseat. My friend in the front seat just bails out of the cab. We tried to get out but we could not because of the locks. . . .

(*Id.* at 186-88). Wilson did not testify.

Before the jury deliberated, the trial court issued the following limiting instruction:

There is a further rule that restricts use by you of the evidence offered to show that the defendants, Syheed Wilson and Keirsten Carroll, each made a statement concerning the crime charged. A statement made before trial may be considered as evidence only against the defendant who made that statement. Thus, you may consider the statement as evidence against that defendant who made it if you believe that he or she made the statement voluntarily. **You must not, however, consider the statement as evidence against a defendant who did not make it**.

(*See* N.T. Trial, 10/31/16, at 30) (emphasis added).

On October 31, 2016, the jury found Jones guilty of the above-listed offenses. On February 28, 2017, the trial court sentenced Jones to an aggregate term of not less than twenty nor more than forty years' incarceration. After his direct appeal was dismissed for counsel's failure to file a brief, Jones was successful in his PCRA petition seeking reinstatement of his

appellate rights *nunc pro tunc* on February 12, 2020. This timely appeal followed. Because the presiding trial court judge retired before Jones filed this appeal, the case was forwarded to this Court without a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(a).

## II.

## A.

On appeal, Jones challenges the trial court's admission of Wilson's redacted statement to police into evidence at trial. Jones argues that replacing his name with "my friend" violated his right to confront witnesses under **Bruton v. United States**, 391 U.S. 123 (1968). Jones contends that because his former employer Houston testified that Wilson and Jones worked at his restaurant and were friends, it was plain to the jury that the "friend" in Wilson's statement was Jones.[3]

In **Bruton**, the United States Supreme Court held the admission of a non-testifying co-defendant's statement at a joint trial that incriminated the defendant violated the Confrontation Clause of the Sixth Amendment, even if the trial court issued a cautionary instruction to the jury. **See Bruton**, **supra** at 126. The Court refined **Bruton** in **Richardson v. Marsh**, 481 U.S. 200

---

[3] "Whether a defendant has been denied his right to confront a witness under the Confrontation Clause of the Sixth Amendment to the United States Constitution, made applicable to the States via the Fourteenth Amendment, is a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Rivera**, 238 A.3d 482, 492 (Pa. Super. 2020) (citation omitted).

- 5 -

(1987), holding that the admission of a co-defendant's statement that redacted the defendant's name did not violate the Confrontation Clause when accompanied by a proper limiting instruction. *See Richardson*, *supra* at 211. The Court noted that the calculus changes when a co-defendant's statement does not name the defendant, and emphasized there is an important distinction between statements that expressly incriminate the defendant and those that become incriminating only when linked to other evidence properly introduced at trial. *See id.* at 208, 211.

In *Commonwealth v. Travers*, 768 A.2d 845 (Pa. 2001), our Supreme Court applied these principles. There, the co-defendant's statement to police was redacted to replace any specific reference to the defendant by name with the neutral term, "the other man." *Id.* at 846. The trial court also issued a cautionary instruction to the jury that it use the statement only against the co-defendant. *Id.* The Supreme Court found no Confrontation Clause violation, reasoning that the redacted statement could become incriminating only through independent evidence introduced at trial which established the defendant's guilt, and only if the jury did not adhere to the court's limiting instruction. It found that the redaction, combined with the trial court's accurate cautionary charge, sufficed to protect the defendant's Sixth Amendment right to confrontation. *See id.* at 851. It further determined that since the statement was not so incriminating on its face, it was appropriate to

- 6 -

apply the general rule presuming that jurors follow a court's instructions. ***See***

***id.***

## B.

In this case, the trial court properly admitted Wilson's redated statement

because use of the phrase "my friend" did not violate Jones' right to confront

witnesses where the jury also received a cautionary instruction that it could

not use the statement as evidence against him.[4]  Wilson's redacted statement

was facially neutral, and any connection drawn between the redacted name

and Jones was established through other independent evidence.  Further, the

trial court issued a limiting instruction to the jury expressly directing that it

could consider the statement as evidence only against Wilson.  Thus, the

sound redaction, coupled with an appropriate instruction, sufficed to protect

Jones' right to confrontation.

Judgment of sentence affirmed.

_____

[4] Jones' reliance on ***Gray v. Maryland***, 523 U.S. 185 (1998), is misplaced, as that case is distinguishable on its facts.  At issue in ***Gray*** was admission of a statement by a non-testifying co-defendant which substituted blanks and the word "deleted" for Gray's name.  The United States Supreme Court held that this redaction, using an obvious blank space, a word such as "deleted", or other prominent indication of alteration, is not sufficient to protect a defendant's Confrontation Clause rights despite the trial court's issuance of a limiting instruction.  ***See Gray***, ***supra*** at 194.  The instant case involved no such deletion or obvious alteration and instead replaced Jones' name with a neutral phrase, consistent with ***Travers***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/21